**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT TROUPE POULTRY SERVICES INC.,<br><br>Defendant. | ) | CIVIL ACTION FILE NO.:<br><br>3:26-cv-00105-TES |

**ORDER GRANTING DEFAULT JUDGMENT**

For the reasons provided in Plaintiff's Motion for Default Judgment and Memorandum of Law in Support [Doc. 10], and pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court finds that Plaintiff has established the existence and breach of four contracts.

Specifically, the Court finds that Plaintiff has sufficiently shown in its Complaint and supporting affidavit attached thereto that Defendant owed and failed to pay revised premium balances due under four assigned-risk workers' compensation insurance policies, totaling $3,626,420. (*See generally* [Doc. 1] and [Docs. 1-1 through 1-16]. *See also LM Ins. Corp. v. E. Corp.*, No. 1:19-CV-00913-AT, 2019 WL 9633375, at *3-4 (N.D. Ga. Oct. 31, 2019) ("[I]n the assigned-risk market for workers' compensation insurance generally and under the Georgia Plan

in particular, a servicing carrier . . . does not have the right to reject an assigned application tendered to it" and "[r]elatedly, once an application has been approved and a servicing carrier has been randomly assigned, an insured in the assigned-risk market is automatically bound by the terms of the policy issued to it by the servicing carrier.")

The Complaint for $3,626,420 in damages and the Summons were served on Defendant on September 1, 2026, and the Clerk entered Defendant's default on October 8, 2026. Upon motion by the plaintiff, the Court is authorized to enter default judgment against the defaulting party. Fed. R. Civ. P. 55(a)(2). A hearing to determine the amount of damages is not necessary if the record adequately reflects the basis for the award through "a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism*, 777 F.2d 1538, 1544 (11th Cir. 1985); *see also* Fed. R. Civ. P. 55(a)(2) ("The court may conduct hearings … when, to enter or effectuate judgment, it needs to: … determine the amount of damages.") (emphasis added); *Grant v. Pottinger-Gibson*, 725 F. App'x 772, 774 (11th Cir. 2018) (confirming that the hearing language in Rule 55(a)(2) is permissive).

In considering a motion for default judgment, the "defaulted defendant is deemed to 'admit[] the plaintiff's well-pleaded allegations of fact,'" but not facts that are not well-pleaded nor conclusions of law. *Cotton v. Massachusetts Mut. Life*

*Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Entry of default judgment is warranted where there is "a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). This "sufficient basis" standard is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Id.* When evaluating a motion to dismiss, the Court determines whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Based on the above applicable law, the Court finds Defendant liable for breach of four policy contracts and liable for the total amount of $3,626,420 due in unpaid premium balances as shown in the well-pleaded allegations of fact in the Complaint and as shown in the supporting affidavit and its exhibits attached to the Complaint.

It is therefore **ORDERED** that the Clerk is **DIRECTED** to enter default judgment in favor of Plaintiff and against Defendant in the amount $3,626,420 and to close the case, this 29 day of October, 2026.

s/Tilman E. Self, III
Tilman E. Self, III
United States District Judge

Prepared by:
*/s/ Marissa L. Parisek*
Marissa L. Parisek
Georgia Bar No. 922916
Marissa.parisek@fmglaw.com
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339